# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311 <br> Honorable Marianne O. Battani |
| This Document Relates to: | |
| In Re: Automotive Wire Harness Case | 2:17-cv-12054 |
| In Re: Instrument Panel Clusters Case | 2:17-cv-12030 |
| In Re: Bearings Case | 2:17-cv-12006 |
| In Re: Fuel Senders Case | 2:17-cv-12018 |
| In Re: Heater Control Panel Case | 2:17-cv-12024 |
| In Re: Alternators Case | 2:17-cv-11995 |
| In Re: Anti-Vibrational Rubber Parts Case | 2:17-cv-11997 |
| In Re: Windshield Wiper Systems Case | 2:17-cv-12049 |
| In Re: Radiators Case | 2:17-cv-12037 |
| In Re: Starters Case | 2:17-cv-12041 |
| In Re: Ignition Coils Case | 2:17-cv-12029 |
| In Re: Motor Generators Case | 2:17-cv-12034 |
| In Re: Ballasts Case | 2:17-cv-12028 |
| In Re: Inverters Case | 2:17-cv-12032 |
| In Re: Electronic Powered Steering Assemblies Case | 2:17-cv-12011 |
| In Re: Fan Motors Case | 2:17-cv-12012 |
| In Re: Power Window Motors Case | 2:17-cv-12035 |
| In Re: Automatic Transmission Fluid Warmers Case | 2:17-cv-11999 |
| In Re: Valve Timing Control Devices Case | 2:17-cv-12044 |
| In Re: Air Conditioning Systems Case | 2:17-cv-11992 |
| In Re: Windshield Washer Systems Case | 2:17-cv-12048 |
| In Re: Spark Plugs, Standard Oxygen Sensors, Air Fuel Ratio Sensors Case | 2:17-cv-12039 |
| In Re: Automotive Hoses Case | 2:17-cv-12001 |
| In Re: Ceramic Substrates Case | 2:17-cv-12007 |
| In Re: Power Window Switches Case | 2:17-cv-11979 |

## ORDER TO STAY ACTIONS

Plaintiffs are certain Auto Dealers who: are participating in certain Auto Dealer Class Action Settlements approved by the Court in the matter *In re: Automotive Parts Antitrust*

*Litigation*, Master File No. 12-md-02311 (the "First Wave Settlements"), have opted out of certain subsequent Auto Dealer Class Action Settlements (the "Second Wave Settlements"), and have filed the above-captioned actions against certain Defendants (the "Actions"). On September 13, 2017, the Court held a Status Conference at which the Court requested that Plaintiffs consider a proposal by counsel for certain Defendants to temporarily stay the Actions until after Plaintiffs have received their distributions in connection with the First Wave Settlements. The Court instructed Plaintiffs to report back to the Court by September 20, 2017, whether they agree to the proposed stay. The Plaintiffs submitted a report on September 20, confirming their agreement to the proposed stay.

Specifically, so as to preserve both party and judicial resources, Plaintiffs and the undersigned Defendants ("Stipulating Defendants"), by and through their undersigned counsel, stipulate to the following with respect to the Actions:

1. The Court stays the Actions in all respects concerning Plaintiffs and the Stipulating Defendants (including with respect to the time to serve the Stipulating Defendants with the complaints), except that Plaintiffs may at any time voluntarily dismiss any Stipulating Defendant from any of the Actions without seeking leave to lift the stay.

2. Plaintiffs shall inform the Court and Stipulating Defendants within five business days of their receipt of the distributions from the First Wave settlements ("Notice Date"). Within 21 calendar days of the Notice Date, Plaintiffs will notify the Court and Stipulating Defendants whether they intend to dismiss all or some of the Actions, to move to participate in the Second Wave of Settlements, to participate in any class settlements for which a motion for preliminary approval has been filed as of that date, and/or to pursue the individual Actions. Nothing in this Order, however, shall limit or modify Plaintiffs' rights, or their time for

exercising their rights, as specified in any court-approved notice disseminated with respect to a class settlement in the MDL.  The Plaintiffs and Stipulating Defendants shall then meet and confer and report back to the Court within 30 days following that notice on the status of the Actions and proposed next steps for deadlines to effect service and submission of proposed scheduling orders for any Actions Plaintiffs intend to continue to pursue.

3. Plaintiffs and Stipulating Defendants stipulate and agree that the entry into this stipulation by Stipulating Defendants shall not constitute a waiver of any defenses or other rights, including but not limited to:  (a) any jurisdictional defenses that may be available under Rule 12 of the Federal Rules of Civil Procedure, (b) any affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, (c) adequacy of service under Rule 4 of the Federal Rules of Civil Procedure, (d) any other statutory or common law defenses that may be available to Stipulating Defendants, or (e) any right on the part of any Stipulating Defendant to enforce any litigation stays set forth in any order granting preliminary approval to any settlement of any Auto Dealer Class action.

4. Any party may move for a further stay or for a modification or lifting of this stay on any appropriate grounds.

5. The terms of the above-described stay apply equally to all Defendants in the Actions, including those not listed as Stipulating Defendants.

**IT IS SO ORDERED**

November 27, 2017                                    s/Marianne O. Battani
                                                                  MARIANNE O. BATTANI
                                                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on November 27, 2017.

s/ Kay Doaks
Case Manager
